Melinda M. Morton (Bar No. 209373)
E-mail: mindy.morton@procopio.com
Jacob K. Poorman (Bar No. 262261)
E-mail: jacob.poorman@procopio.com
Jean Kim (Bar No. 309720)
E-mail: jean.kim@procopio.com
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
3000 El Camino Real
Five Palo Alto Square, Suite 400
Palo Alto, CA 94306
Telephone: 650.645.9000
Facsimile: 619.235.0398

Attorneys for Defendant
ARIAT INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARIAT INTERNATIONAL, INC., a California corporation, d/b/a WWW.ARIAT.COM,<br><br>Defendant. | Case No. 2:25-cv-1784<br><br>**DEFENDANT ARIAT INTERNATIONAL, INC.'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. § 1332, Defendant Ariat International, Inc. ("Ariat") hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the County of Los Angeles, California, to the United States District Court for the Central District of California.

## OVERVIEW

1. The Complaint in this case asserts claims for violation of California Invasion of Privacy Act ("CIPA") § 638.51 on behalf of Plaintiff Silvia Garcia ("Plaintiff") and "[a]ll persons who visited [Ariat's] Website while physically in the United States and whose personal information was shared with TikTok or other third

parties by Defendant without effective and informed prior consent." Compl. ¶ 19. The Complaint alleges that Ariat transmits putative class members' information to TikTok through tracking technology provided by TikTok and that these transmissions violated CIPA § 638.51(a). *Id.* ¶¶ 6-18.

2. As explained herein, there is federal jurisdiction over this case under the Class Action Fairness Act ("CAFA"), because the requirements of 28 U.S.C. §§ 1332(d) and 1453 are satisfied and no exception to CAFA's rules for removal to federal court applies.

## **PROCEDURAL HISTORY**

3. On January 21, 2025, Plaintiff filed a complaint in the Superior Court of the State of California, County of Los Angeles, against Ariat. Attached as **Exhibit A** to the Declaration of Jacob K. Poorman ("Poorman Dec.") is a true and correct copy of the Complaint and Summons served upon Ariat in the Superior Court action, civil case cover sheet, and general orders filed in the Superior Court action. Attached as **Exhibit B** to the Poorman Dec. is a true and correct copy of the Initial Status Conference Order filed in the Superior Court action.

4. The Superior Court of the County of Los Angeles is located within the Central District of California. 28 U.S.C. § 84(a). Therefore, removal of Plaintiff's case to this Court is proper under 28 U.S.C. § 1441(a).

## **TIMELINESS OF REMOVAL**

5. 28 U.S.C. § 1446(b)(1) requires that a notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Plaintiff served the Complaint on Ariat on January 31, 2025. This Notice of Removal, filed on February 28, 2025, is therefore timely.

## **THE COMPLAINT'S ALLEGATIONS**

6. Plaintiff alleges that, when a user visits the Ariat website, certain tracking software gathers information about that user and shares it with TikTok. Compl. ¶6-18.

Plaintiff further contends that the transmissions occurring via this tracking software occurred without website visitors' consent. *Id.*

7. Based on these allegations, Plaintiff seeks to assert claims on her behalf and on behalf of a putative class of "[a]ll who visited" Ariat's website while physically in the United States "and whose personal information was shared with TikTok or other third parties[.]" *Id.* ¶ 19. Plaintiff does not allege a specific class period. *Id.* The Complaint asserts a single claim for alleged violation of CIPA § 638.51. *Id.* ¶¶ 25-33.

8. The Complaint seeks statutory damages, attorneys' fees and costs, and such further relief as the Court may order. Compl. Prayer.

## BASIS FOR REMOVAL UNDER CAFA

9. CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a State different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000. 28 U.S.C. § 1332(d). Each of these requirements is met here.

10. Congress…intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Further, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (*citing Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)).

**A.   The Class Claims Satisfy the Numerosity Requirement**

11. The Complaint is styled as a "class action" and seeks relief for Plaintiff as well as for "[a]ll who visited" Ariat's website while physically in the United States "and whose personal information was shared with TikTok or other third parties[.]" Compl. ¶ 19. Plaintiff's counsel has stated that Plaintiff believes the class to include "at least" 1,000 members. *See* **Exhibit C** to Poorman Dec. Accordingly, CAFA's

numerosity requirement is satisfied here.

### B.     The "Minimal Diversity" Requirement is Satisfied

12.     Plaintiff alleges that the putative class includes "[a]ll who visited" Ariat's website while physically in the United States "and whose personal information was shared with TikTok or other third parties[.]". Compl. ¶ 19. As this is a national putative class, the allegations show that at least one member of the putative class is a citizen of a state other than California.

13.     The Complaint names Ariat as the sole defendant. Ariat is a California Corporation and maintains its principal place of business in San Leandro, California.

14.     Accordingly, the "minimal diversity" requirement under CAFA—*i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant"—is satisfied for purposes of removal. 28 U.S.C. § 1332(d)(2)(A).

15.     This action does not fall within any of the exclusions in 28 U.S.C. §§ 1332(d) because, as this is a nationwide putative class, it is not the case that greater than two-thirds of the members of the putative class in the aggregate are citizens of California, which is the state in which this action was originally filed.

### C.     The Matter In Controversy Exceeds $5,000,000

16.     While the Complaint does not allege a specific amount of damages, Plaintiff's counsel has subsequently clarified that, after further analysis, Plaintiff believes that the matter in controversy is "at least $10 million." Poorman Dec., Ex. C. Plaintiff seeks to represent a putative class defined to include everyone in the United States who visited Ariat's website, and is seeking statutory damages on behalf of the putative class. Compl. ¶ 19; *id.* at Prayer; Cal. Pen. § 637.2(a).

17.     While Ariat denies that Plaintiff is entitled to recover any amount, and denies that class certification is proper, the Complaint's allegations, particularly in light of subsequent clarification by Plaintiff's counsel, place over five million dollars ($5,000,000) at issue, exceeding the threshold for removal under CAFA. Considering Plaintiff's statutory damages request alone (without consideration of the other relief

sought, including pre- and post-judgment interest), CAFA's five million dollar ($5,000,000) requirement is satisfied. For the purpose of determining the amount in controversy, the amount at issue is the amount of liability Plaintiff alleges. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

### D. No Exception to CAFA Removal Applies

18. No exception to removal under CAFA applies.

19. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

20. Counsel for Ariat certifies, pursuant to 28 U.S.C. § 1446(d), that Ariat will promptly give notice of filing of this Notice of Removal to Plaintiff through Plaintiff's counsel of record, and will promptly file with the Clerk of the Superior Court of the State of California, County of Los Angeles, a copy of this Notice of Removal.

DATED: February 28, 2025

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: */s/ Melinda M. Morton*
Melinda M. Morton
Jacob K. Poorman
Jean Kim
Attorneys for Defendant
ARIAT INTERNATIONAL, INC.